Filed 8/16/24  P. v. Gibson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER GIBSON,<br><br>        Defendant and Appellant. | C100203<br><br>(Super. Ct. No. 12F01432) |

Defendant Christopher Gibson appeals from a trial court order denying his motion for postconviction discovery pursuant to Penal Code section 1054.9.  His appellate counsel filed a brief raising no arguable issues and asking that we exercise our discretion to review the record for arguable issues on appeal under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  As defendant appeals from a postconviction ruling, the procedures set out in *Wende* do not apply.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*); see also *id.* at p. 231 & fn. 5 [not deciding whether due process requires

1

similar procedures in some appeals from postconviction rulings].)  We nevertheless exercise our discretion to conduct our "own independent review of the record in the interest of justice." (*Id.* at p. 230.)  Having done so, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In 2014, a jury found defendant guilty of rape and unlawful sexual intercourse with a 15 year old.  The trial court found defendant had previously been convicted of five prior offenses, including two serious felonies.  The court sentenced defendant to 25 years to life in prison for rape, plus two five-year enhancements for prior serious felony convictions and three one-year enhancements for prior prison terms.  The court initially stayed imposition of a sentence for unlawful sexual intercourse, pursuant to Penal Code section 654, but later corrected the judgment to impose a sentence of 25 years to life in prison for unlawful sexual intercourse, with execution stayed pursuant to Penal Code section 654.

In 2022, defendant filed a request for postconviction discovery pursuant to Penal Code section 1054.9.  (See generally *In re Steele* (2004) 32 Cal.4th 682, 693-697.)  The trial court initially denied this motion because defendant failed to show he had first made a good faith effort to obtain the materials from his trial counsel without success.  Defendant then submitted additional information regarding his communication with his trial counsel and asked to renew his postconviction discovery motion.  The court treated the motion as seeking "an email from Rob Gold (former Deputy District Attorney) to Allison Dunham (the trial prosecutor)" and conditionally granted the motion, giving the People 60 days to provide a copy of the e-mail or file an objection.

The People filed an objection attaching responsive e-mails but arguing that they were not materials to which defendant "would have been entitled 'at time of trial,' " so defendant was not entitled to obtain them pursuant to section 1054.9.  The People also

2

requested the court seal their response, including the e-mails. The People served defendant with a copy of their response, but did not include the attached e-mails.

The first e-mail appears to be from the trial prosecutor to her supervisors, indicating that defendant had recently filed a claim against Sacramento County seeking $1,000,000 for defamation of his character, which would be handled by "a private firm that handles tort claims against County employees." In the second e-mail, the trial prosecutor forwarded a message from the private firm handling the tort claim recommending that the County reject the claim against the trial prosecutor and another claim against defendant's trial counsel. The third e-mail includes multiple chains of e-mails that had been forwarded on, in which county counsel, the private firm, and supervisors from the public defender's office and the district attorney's office recommend putting the claims filed by defendant on the record in the ongoing criminal trial. The sparse record suggests that the parties then discussed defendant's claims against the attorneys with the trial court during the trial, with both parties indicating the claims would have no effect on the ongoing criminal trial.

In response to the People's objection, the trial court vacated its order conditionally granting defendant's motion and instead denied the motion. The court reasoned that defendant would not have been entitled to the e-mails at the time of trial, noting that the e-mails between the trial prosecutor and her supervisors did not contain exculpatory information. The court also denied the People's request to seal their response, including the attached e-mails.

Defendant timely appealed from the denial of his motion. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting this court to review the record and determine whether there are any arguable issues on appeal. Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of

3

the opening brief, and defendant has not done so. Counsel also sent the record on appeal, including the e-mails defendant sought in his motion, to defendant.

DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under Penal Code section 1172.6 and concluded such procedures are not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The court explained that *Wende* procedures "do not apply to an appeal from the denial of postconviction relief," but due process may require a similar process in some instances. (*Id.* at pp. 226, 231, & fn. 5.) In the context of an appeal from denial of postconviction relief under Penal Code section 1172.6, the court required the Court of Appeal to inform the defendant "that the appeal would be dismissed as abandoned if no supplemental brief or letter were filed" before involuntarily dismissing the appeal. (*Delgadillo,* at p. 233.) The court also suggested that, regardless of the type of notice provided to the defendant, the Court of Appeal has discretion to conduct its "own independent review of the record in the interest of justice." (*Id.* at pp. 230, 232.)

Here, we did not provide defendant notice that his appeal would be dismissed as abandoned for failure to file a supplemental brief. Accordingly, we have exercised our discretion to independently review the record. Having done so, we find no arguable error that would result in a disposition more favorable to defendant.

4

DISPOSITION

The order denying defendant's motion for postconviction discovery pursuant to Penal Code section 1054.9 is affirmed.

                                                   _____

                                                   HULL, Acting P. J.

We concur:

_____

KRAUSE, J.

_____

FEINBERG, J.